COMMONWEALTH *vs.* GEORGE L. MOWRY.

In an indictment under Gen. Sts. c. 160, § 22, for robbery, being armed with a dangerous weapon, and wounding or striking the person robbed, it is not necessary to aver or prove that the wounding or striking was done with the dangerous weapon.

It is a sufficient averment of striking, under the above statute, to set forth that the defendant, being so armed, "the said A., in and upon the face and head of the said A., then and there did strike and wound."

INDICTMENT setting forth that George L. Mowry, on a day and at a place named, "in and upon one John G. Lewis an assault did make, and the said John G. Lewis in bodily fear and danger of his life then and there did put, and sundry bank bills, amounting to twenty-five hundred dollars and of the value of twenty-five hundred dollars, of the moneys and property of the said John G. Lewis, from the person and against the will of the said John G. Lewis then and there and by force and violence

---

did rob, steal, take and carry away; and that the said George L. Mowry was then and there armed with a certain dangerous weapon, to wit, metallic knuckles, and being then and there so armed as aforesaid the said John G. Lewis, in and upon the face and head of the said John G. Lewis, then and there did strike and wound."

This indictment was found under Gen Sts. *c.* 160, § 22, which is copied in the margin.* At the trial in the superior court, before *Allen*, C. J., the defendant contended that the indictment contained no sufficient allegation of a robbery, the robber being armed, &c., and asked the court to rule that it would not be competent for the jury to convict him of that part of the indictment; but the chief justice ruled otherwise, and the defendant was convicted, and alleged exceptions.

*G. F. Verry*, for the defendant.

*Reed*, A. G., for the Commonwealth.

Bigelow, C. J. The objection to the indictment upon which the defendant mainly relies is, that it does not aver that the striking and wounding therein charged were inflicted with the dangerous weapon with which it is averred that the defendant was armed at the time of the commission of the robbery. Or looking into approved precedents, we do not find such averments to be usual in indictments under statutes similar to our own. For example, under the English statute of 7 Wm. IV. and 1 Vict. *c.* 87, § 3, which provides for the punishment of robbery by a person armed with any offensive weapon or instrumen who at the time of such robbery shall beat or strike the person robbed, the form of indictment as given in Archb. Crim. Pl. (13th Lond. ed.) 353, contains no averment that the striking or beating was done with the weapon with which it is also alleged that the defendant was armed. Nor does it appear, by the statement of the evidence necessary to support such an

---

* " Whoever assaults another, and feloniously robs, steals and takes from his person money or other property which may be the subject of larceny, such robber being armed with a dangerous weapon, with intent if resisted to kill or maim the person robbed; or being so armed wounds or strikes the person robbed; shall be punished by imprisonment in the state prison for life."

indictment, that proof of that fact would be necessary. Ib. Roscoe's Crim. Ev. 892.

In indictments for robbery by a person armed with a dangerous weapon, with intent to kill or maim the person robbed, it is not necessary to allege either that the assault was committed with the dangerous weapon, or that the intent to kill or maim was to be carried out, in case of resistance, by means of such dangerous weapon. *Commonwealth* v. *Martin*, 17 Mass. 359. In *Commonwealth* v. *Gallagher*, 6 Met. 565, the indictment was under Rev. Sts. *c.* 125, § 13, which, with the exception of the punishment affixed to the crime, were the same as Gen. Sts. *c.* 160, § 22, under which the present indictment was found. There was no averment in that case that the striking or wounding was inflicted with the dangerous weapon with which the defendant was armed. The same objection was taken to the indictment as that now urged by the counsel for the defendant. The case was disposed of on another ground, but no suggestion was made by the court that the objection was well founded. The counsel for the defendant thus failed to furnish us with any authority in support of his position.

Upon looking at the language of the statute, we find nothing which renders such averment necessary to show the consummation of the offence. There is no provision, either express or implied, that the striking or wounding is to be inflicted with the weapon with which the robber is armed. The gist of the crime is in committing a robbery while armed with a dangerous weapon, and in striking and wounding the party robbed, by whatever means the blows or wounds may be inflicted. The purpose of the statute is clear. The legislature intended that the actual commission of violence by striking or wounding, by a person in the possession of a dangerous weapon, should be regarded as a great aggravation of the crime of robbery. The statute therefore puts a robbery so committed on the same footing with one where the robber is armed with a dangerous weapon and actually intends to kill or maim the person attacked, if resisted. The reason is obvious. A wound or blow upon the person, however inflicted, would naturally lead to resistance and conflict, in which

the use of the dangerous weapon with which the robber was armed would be likely to follow, with consequences as serious and dangerous to life and limb as if the robber had originally intended to kill or maim the party robbed, if resistance was offered. The striking and wounding are therefore deemed equivalent to the existence of the actual intent to do great bodily harm. In this view of the scope and purpose of the statute, it is clear that it is not necessary to aver or prove that blows or wounds were inflicted with the weapon with which the robber was armed.

The further objection is urged, that the indictment does not allege that the defendant did strike or wound the prosecutor. But this is not so. The last clause of the indictment, although somewhat inverted by putting the subject before the verb, and inserting between them another distinct averment, does charge that the defendant did strike and wound the person on whom the robbery is alleged to have been committed.

*Exceptions overruled.*